**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
MUSTAFA ABDUL ALJAFF,               )
                                    )
            Petitioner,             )
                                    )  Criminal No. 09-208-1 (EGS)
       v.                           )
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )
_____)

## MEMORANDUM OPINION

Pending before the Court is petitioner Mustafa Abdul Aljaff's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Upon consideration of petitioner's motion, the government's response, the applicable law, and the entire record, the Court **DENIES** petitioner's motion.

I.  **BACKGROUND**

On August 21, 2009, Mr. Aljaff was charged with involvement in a conspiracy to import, transport, and sell counterfeit integrated circuits to domestic and foreign companies, and to the United States government. *See* Indictment, Dkt. No. 3. On January 12, 2010, he entered into a plea agreement, in which he agreed to plead guilty to Counts 1 (conspiracy) and 6 (trafficking in counterfeit goods or services) of the indictment. Plea Agreement, Dkt. No. 38 at 1. The agreement contemplated that the applicable sentencing guideline range

would be 24 to 30 months, that Mr. Aljaff would forfeit specified items, and that he would pay restitution in an amount not to exceed $177,862.22. *Id.* at 4-5, 8. In return, the government agreed to dismiss the remaining counts of the indictment. *See id.* at 2.

In advance of Mr. Aljaff's sentencing, his counsel submitted two memoranda, which provided extensive information in support of Mr. Aljaff's request that he be sentenced to 24 months of imprisonment. *See* Def.'s Sent. Mem., Dkt. No. 96; Def.'s Supp. Sent. Mem., Dkt. No. 101. Mr. Aljaff's counsel also filed motions in advance of the sentencing hearing requesting that Mr. Aljaff be permitted to wear civilian clothes to his sentencing, and that he be allowed to enter a treatment facility before voluntarily surrendering to the Bureau of Prisons. *See* Mot. to Permit Def. to Wear Civilian Clothing, Dkt. No. 109; Mot. to Permit Voluntary Surrender, Dkt. No. 111.

The government also submitted a memorandum in advance of Mr. Aljaff's sentencing. *See* Govt's Sent. Mem., Dkt. No. 88. The government requested that Mr. Aljaff pay restitution of no more than $177,862.22, that he forfeit the items described in the plea agreement, and that he be sentenced to between 23 and 28.5 months of imprisonment. *Id.* at 57, 61-62, 69.

On February 15, 2012, this Court sentenced Mr. Aljaff to concurrent 30-month terms of imprisonment on each count to be

followed by concurrent 36-month terms of supervised release, and ordered him to pay restitution of $177,862.22. Judgment, Dkt. No. 115 at 2, 3, 5. On April 9, 2013, the parties filed a consent motion to amend the judgment to reflect that petitioner's restitution liability was intended to be joint and several with his co-defendant. *See* Consent Mot., Dkt. No. 122 at 1. This Court granted that motion on May 10, 2013. Order, Dkt. No. 123.

Mr. Aljaff delivered his § 2255 motion to prison authorities for mailing on February 13, 2013, and the Court received the petition on February 19, 2013.[1] *See* Pet'r's Mot. to Vacate ("Mot."), Dkt. No. 121 at 1, 13. Mr. Aljaff claims that (1) his counsel provided ineffective assistance by "fail[ing] to properly execute the terms and conditions of the Plea Agreement" and (2) the government breached the plea agreement because "[t]he restitution and forfeiture that was agreed upon in the plea agreement was not honored." *Id.* at 4, 5. Petitioner's motion is ripe for decision by the Court.

---

[1] Mr. Aljaff's petition is deemed to have been filed on February 13, 2013, the date on which it was delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *United States v. Carr*, No. 02-0106(JDB), 2006 WL 401818, at *1 n.2 (D.D.C. Feb. 21, 2006). This is within one year of the date on which Mr. Aljaff's conviction became final, as required by 28 U.S.C. § 2255(f).

## II. STANDARD OF REVIEW

A prisoner who was sentenced by a federal court may move the sentencing court to vacate, set aside, or correct his sentence if the prisoner believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A § 2255 motion may be denied when it "offer[s] only bald legal conclusions with no supporting factual allegations." *Mitchell v. United States*, 841 F. Supp. 2d 322, 328 (D.D.C. 2012).

## III. ANALYSIS

### A. Evidentiary Hearing

As a preliminary matter, the Court determines that no evidentiary hearing is required to resolve petitioner's motion. A court need not hold an evidentiary hearing on a § 2255 motion if "the motion . . . and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A hearing is required only when a petition raises "'detailed and specific' factual allegations" regarding "information outside of the record or the judge's 'personal knowledge or recollection.'" *United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992) (quoting *Machibroda v. United*

*States*, 368 U.S. 487, 495 (1962)). Appellate courts generally respect a district court's decision not to hold an evidentiary hearing where, as here, the judge deciding the motion also presided over the initial case. *See United States v. Toms*, 396 F.3d 427, 437 (D.C. Cir. 2005). Because petitioner has raised no factual allegations and the pleadings and the record demonstrate that he is entitled to no relief, an evidentiary hearing is not warranted. The Court therefore proceeds to the merits of petitioner's claims.

**B. Ineffective Assistance of Counsel Claim**

Mr. Aljaff's ineffective-assistance claim states, in full, "Defense Counsel failed to properly execute the terms and conditions of the Plea Agreement." Mot. at 4. To prevail on this claim, petitioner must demonstrate that: (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court's review of counsel's performance is "highly deferential," *id.* at 689, and petitioner's claim may be summarily denied if his "conclusory allegations are unsupported by specifics." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (quotations marks and alteration omitted).

To prove deficient performance, Mr. Aljaff must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."

5

*Strickland*, 466 U.S. at 690. Instead, he did not identify which terms of the plea agreement are at issue, much less how his counsel failed to execute those terms. Such "vague and conclusory allegations" cannot overcome the "strong presumption that counsel rendered adequate assistance." *United States v. Turner*, 818 F. Supp. 2d 207, 211 (D.D.C. 2011) (quotation marks omitted).

Nor did Mr. Aljaff allege that his counsel's behavior prejudiced his defense. Even if the Court could discern which terms of the plea agreement counsel allegedly failed to execute, petitioner provided no basis to find a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For these reasons alone, the motion should be denied.

The Court's review of the record does not shed any additional light on Mr. Aljaff's claim that his counsel was ineffective in executing the plea agreement. Indeed, his counsel filed detailed sentencing memoranda which requested a sentence at the bottom of the range contemplated by the plea agreement. *See* Def.'s Sent. Mem., Dkt. No. 96; Def.'s Supp. Sent. Mem., Dkt. No. 111. Mr. Aljaff's counsel filed motions in advance of his sentencing seeking to permit him to wear civilian clothing to the hearing, and to enter a treatment facility before voluntarily surrendering to the Bureau of Prisons. *See* Mot. to

Permit Def. to Wear Civilian Clothing, Dkt. No. 109; Mot. to Permit Voluntary Surrender, Dkt. No. 111.

After petitioner filed his § 2255 motion, his counsel moved to amend the judgment to reflect that petitioner's restitution liability was intended to be joint and several with his co-defendant. *See* Consent Mot., Dkt. No. 122 at 1. To the extent that petitioner intended this motion to correct that issue, his claim is moot because this Court already granted the motion and amended the judgment accordingly. *See* Order, Dkt. No. 123. For these reasons, Mr. Aljaff's ineffective-assistance claim must be denied.

### C. Breach of Plea Agreement Claim

Mr. Aljaff's second claim is that "[t]he Government breached their plea agreement" because "[t]he restitution and forfeiture that was agreed upon in the plea agreement was not honored, and was breached." Mot. at 5. To prevail on a claim that the government breached a plea agreement, petitioner must prove that the agreement was breached under "principles of contract law." *United States v. Ahn*, 231 F.3d 26, 35 (D.C. Cir. 2000). Although Mr. Aljaff "maintains the burden of proving that the agreement has been breached," *id.* at 36, he did not explain or provide any support for his claim. He did not state which of the agreement's restitution and forfeiture provisions were

breached, nor did he describe how they were breached. *See* Mot. at 5.

Furthermore, there is no indication in the record that the restitution and forfeiture portions of the plea agreement were ever breached. The government sought restitution of $177,862.22, Govt's Sent. Mem., Dkt. No. 88 at 57, which is the maximum amount contemplated by the plea agreement, Plea Agreement, Dkt. No. 38 at 8, and the government sought forfeiture of "items . . . as detailed on Attachments A and B to the plea agreement." Govt's Sent. Mem., Dkt. No. 88 at 61. Because Mr. Aljaff did not describe how the government allegedly breached his plea agreement and the record reflects the government's apparent adherence to the agreement, petitioner's claim must be denied.

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES** petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence. An appropriate order accompanies this memorandum opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**October 28, 2013**